UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
KAREN SUZETTA HARVEY,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01484-FB

*Appearances*:
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law P.C.
43 West 43rd Street, Suite 131
New York, NY 10036

*For the Defendant*:
MARK J. LESKO
Acting United States Attorney
Eastern District of New York
By: MEGHAN J. MCEVOY
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Karen Harvey ("Harvey) seeks review of the Commissioner of Social Security's denial of her application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Harvey's motion is granted,

---

[1] Harvey moves for relief under 42 U.S.C. § 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

the Commissioner's motion is denied, and the case is remanded for further proceedings.

## I.

Harvey applied for disability benefits on June 10, 2016. After her application for benefits was denied on September 21, 2016, she requested a hearing. After a hearing with Administrative Law Judge Robert R. Schriver ("ALJ"), Harvey's claims were denied in a decision dated December 17, 2018. The ALJ concluded that Harvey had the severe impairments of "coronary artery disease, status post-stent placement and myocardial infarction, migraine headaches, scoliosis of the upper thoracic and lower cervical spine, asthma, chronic obstructive pulmonary disease ("COPD") and hypertension." A.R. 30. In addition, the ALJ determined that Harvey had the residual functional capacity ("RFC") to "perform sedentary work […] except that she can have no exposure to respiratory irritants, and can only occasionally climb stairs." A.R. 33. Harvey filed a request for review with the Appeals Council that was denied on January 30, 2020, producing this appeal.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

The ALJ erred in his assessment of the severity of Harvey's depression at step two of the five step framework.

The regulations establish that claimants must have a "severe impairment," which is defined as a condition "which significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment is severe when it causes more than minimal functional limitations." *Babb v. Colvin*, No. 5:13-CV-868 GLS/ESH, 2014 WL 4684883 n.10 (N.D.N.Y. Sept. 19, 2014); *see also Davis ex rel. Maitland v. Colvin*, No. 6:11-CV-0658 MAD/DEP, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) ("[t]he second step requirement … is truly de minimis, and intended only to screen out the truly weakest of cases.") (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Harvey's depression is well established in the record and was discussed at the October 1, 2018 hearing. The record indicates that Harvey was treated for depression numerous times over a period of nearly two years. According to the treatment notes of Harvey's treating provider, Nurse Practitioner Neves ("NP

3

Neves"), Harvey was "dysthymic," reported feeling "down, depressed, or hopeless nearly every day" and has trouble falling asleep. A.R. 2269. NP Neves also noted that Harvey was frustrated, angry, tearful or upset on various occasions, and that Harvey experienced "chest pains" and "stress." A.R. 2259, 2261, 2263, 2265. During her testimony, Harvey explained that she has had "depression since [she] became ill," that she is "withdrawn" and "[doesn't] go out." A.R. 677-78. NP Neves also noted that Harvey's depression can make it difficult for her to interact with others, that Harvey's ability to handle work stress is seriously limited and that her symptoms include fatigue and difficultly concentrating. A.R. 2298-99.

      The ALJ concluded that Harvey has depressive disorder, but that it does not rise to the level of a severe impairment. A.R. 646. In his assessment, the ALJ relied on NP Neves's report indicating that Harvey's mental status examinations were unremarkable. A.R. 647 He also stated that there was "little evidence of sustained treatment for depression." *Id.* However, it is apparent from a review of the record that there is substantial evidence of Harvey's treatment for depression. Harvey's depression causes more than minimal functional limitations and has a significant impact on her ability to work. To reach the conclusion that Harvey's depression is not a severe impairment, the ALJ appears to have cherry-picked from NP Neves treatment notes and assessments. The ALJ focused on NP Neves's isolated statements that Harvey's mental status examinations were unremarkable, for

4

example, instead of the myriad of evidence on the record of Harvey's depression. This was error. The ALJ must consider evidence holistically and may not cherry-pick from the record. *See Artinian v. Berryhill*, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018) (stating that cherry-picking from the record can indicate a serious misreading of evidence and/or a failure to comply with the requirement to consider all evidence).

In general, an ALJ's failure to explicitly identify a severe impairment at step two does not require remand. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *Reices-Colon v. Astrue*, 523 F.App'x 796, 798 (2d Cir. 2013). However, "where the ALJ's step-two error prejudiced the claimant at later steps in the sequential evaluation process, remand is required." *Southgate v. Colvin*, No. 2:14-CV-166, 2015 WL 6510412, at *6 (D. Vt. Oct. 28, 2015) (collecting cases). The error was not limited to the analysis at step two because the ALJ did not incorporate the effects of Harvey's depression into her RFC. Courts must assess a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(3). Since the Court finds the errors at step two affected the ALJ's RFC analysis, remand is appropriate.

## CONCLUSION

For the foregoing reasons, Harvey's motion is **GRANTED**, the Commissioner's motion is **DENIED**, and the case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

       /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 29, 2021